a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL PONG VANG #57932177,<br>Petitioner | CIVIL DOCKET NO. 1:22-CV-01332<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN MERENDINO,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Paul Pong Vang ("Vang"). Vang is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Prison Camp in Pollock, Louisiana. Vang challenges the computation of his sentence by the BOP.

Because Vang has not exhausted his administrative remedies, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Vang was sentenced and received in federal custody on March 10, 2020. ECF No. 1-2 at 14. Vang alleges that, due to COVID-19 restrictions, he did not arrive at a federal prison until May 27, 2021. *Id.* Vang alleges that Evidence Based Recidivism Reduction Programs and Productive Activities were not available to him prior to his arrival at Pollock. He would have participated in the programs had they been offered at the facilities where he was previously housed.

1

Vang maintains that the BOP should award him time credits under the First Step Act for the time he was incarcerated at facilities without approved programs, and thus immediately release him to a community correctional center. ECF No. 1-2 at 14.

Vang filed an Informal Resolution Attempt (BP-8) on May 11, 2022, requesting that he receive additional time credits. The request was denied because "sentence computations must be reviewed by the Designation and Sentence Computation Center in Grand Prairie, Texas." ECF No. 1-2 at 13. Vang was instructed to submit a Request for Administrative Remedy (BP-9).

## II. Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). After filing an informal resolution attempt (BP-8), a prisoner may file a formal complaint to the warden (BP-9). *See* 28 C.F.R. §§ 542.13-542.14. If an inmate is not satisfied with the Warden's response, the inmate may appeal the response to the Regional Director (BP-10). *See* 28 C.F.R. § 542.15(a). If an inmate is dissatisfied with the regional response, the inmate may file an appeal with the Office of General Counsel in Washington, D.C. (BP-11). *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP remedy process. *Id.* Only after exhausting these available

administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

Vang admits that he did not exhaust administrative remedies. Still, an exception to the exhaustion requirement may be made if the petitioner demonstrates "extraordinary circumstances," such as the unavailability, inappropriateness, or futility of pursuing administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of proof in this regard. *Id.*

Vang alleges that exhaustion "would be futile by extending the prejudice" he has already suffered. ECF No. 1 at 13. However, the fact that it takes time to exhaust administrative remedies does not establish futility. The United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973); *see also Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. Sept. 17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Callahan v. Young*, 2013 WL 3346842, at *2 (W.D. La. July 2, 2013) (exhaustion was not excused by "the length of time that the administrative process would take"); *Mitchell v. Young*, 2011 WL 3879513, at *2 (W.D. La. June 22, 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone"). Although exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser*, 411

U.S. at 494-95. "Furthermore, the fact that petitioner merely believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion." *Mercado-Pedroza v. Warden*, 2018 WL 1310008, *3 (E.D. Tex. Feb. 13, 2018).

Vang has not shown that exhaustion would be futile. "The overwhelming majority of other courts to have considered the issue have agreed that exhaustion of administrative remedies is required to assist in developing the relevant facts and legal issues." *See Hills v. Carr*, Docket No. 4:21-CV-737, 2021 WL 4399771, at *4 (N.D. Tex. Sept. 27, 2021) (collecting cases).

Moreover, the First Step Act allowed the BOP until January 15, 2022, to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2); *Burtons v. Warden, FMC-Fort Worth*, 4:21-CV-935, 2021 WL 6063103, at *1 (N.D. Tex. Dec. 22, 2021). Thus, even if such programs had been available to and completed by Vang prior to his arrival in Pollock in May 2021, the BOP was still not obligated to award him time credits—the decision was entirely discretionary until January 2022. *See id.* (citing § 3621(h)(4)).

### III. Conclusion

Because Lang has not exhausted administrative remedies or established the futility of doing so, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED AND DISMISSED without prejudice.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 14, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE